[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13034
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20035-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO VARELA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 4, 2013)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Carlos Alberto Varela appeals his 120-month sentence, imposed after he pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846. The statutory minimum sentence applicable to Varela increased from five to ten years' imprisonment because of a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(B). This conviction was not included in the government's indictment.

Varela argues on appeal that the fact of his prior conviction needed to be included in the indictment because it was used to elevate his statutory minimum sentence. He concedes, however, that his argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998).

In *Almendarez-Torres*, the Supreme Court held that the fact of a prior conviction is not an element of the offense that needs to be proven beyond a reasonable. *Almendarez-Torres*, 523 U.S. at 239–40, 118 S. Ct. at 1228–29. We have previously noted that until the Supreme Court specifically overrules itself, we are bound by *Almendarez-Torres*. *United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006).

A defendant who is found guilty of conspiring to possess with intent to distribute 500 grams or more of a mixture containing cocaine ordinarily faces a statutory sentencing range of five to forty years. *See* 21 U.S.C. § 841(b)(1)(B).

2

However, if a defendant commits the same offense after having been convicted for a felony drug offense, he faces a statutory sentencing range of ten years to life imprisonment.  21 U.S.C. § 841(b)(1)(B).

Varela correctly concedes that *Almendarez-Torres* forecloses his argument on appeal.  The Supreme Court has not overruled *Almendarez-Torres*.  *See Alleyne*, 570 U.S. at ___ n.1, 133 S.Ct. at 2160 n.1 (stating that the Court's decision in *Almendarez-Torres* was not being revisited).  Accordingly, it remains binding precedent.  *See Greer*, 440 F.3d at 1273.  We therefore affirm Varela's sentence.

**AFFIRMED.**

3